LOUIS  SCHNEIDER  and  WIFE  *v.*  FLORENCE  L.
TAYLOR  *et  al.*

TENANTS IN COMMON.  *Not chargeable with rents.*  *When.*  A tenant in
common of realty, who merely occupies the common property with-
out obstructing the rights of the other tenants, and who sets up no
claim for repairs or other claim for disbursements, is not charge-
able, upon a bill for partition, with an occupation rent.

FROM  SHELBY.

Appeal  from  the  Chancery  Court  at  Memphis.  W.
W.  MCDOWELL,  Ch.

H.  F.  DIX  for  complainants.

THOS.  H.  JACKSON  for  defendants.

COOPER,  J.,  delivered  the  opinion  of  the  court.

Bill  for  the  partition  of  land,  the  only  question
of  controversy  being  whether  the  defendant,  Florence
L.  Taylor,  shall  be  charged  with  rent  for  a  lot  oc-
cupied  by  her.  The  chancellor  held  that  she  was
liable  for  rent,  and  she  has  appealed.

On  July  22,  1879,  James  Taylor  died  intestate,
leaving  as  his  only  heirs  the  complainant,  Kate
Schneider,  Florence  L.  Taylor  and  John  B.  Taylor.
The  realty  of  which  the  intestate  died  seized  con-
sisted  of  two  town  lots  in  Memphis,  one  of  thirty
and  the  other  of  thirty-five  feet  front.  On  the  lat-
ter  lot  was  a  dwelling  house,  into  the  possession  of

which the defendant, Florence L. Taylor, went after the testator's death, precisely when does not appear, and has continued to occupy it. In her answer to the bill, this defendant says she has held possession of the lot, with the dwelling house thereon, "for a year or two," having moved into the house in order to protect it, and having made repairs almost equal to the rent. The cause seems to have been heard on bill and answer, and at any rate without any proof on the subject of rent, on April 18, 1885, the bill having been filed November 29, 1884.

The chancellor was of opinion that the defendant was chargeable with rent, subject, however, to a deduction for the value of repairs, and ordered an account accordingly. The defendant's counsel admits that if his client claimed for repairs, she would properly be chargeable with rent, but insists that she makes no such claim unless she is held liable for rent. The question is therefore narrowed down to the point whether one tenant in common, who merely occupies the property without receiving rent, and without interfering in any way with the rights of the co-tenants, can be charged with an occupation rent. The weight of authority on this point, as this court has held, is that the mere fact that one tenant in common has occupied the property will not of itself create a liability for an occupation rent, and this for the obvious reason that owning the estate *per mi et per tout*, he is exercising the right which the law gives him. To charge him with rent it must be shown that the occupying tenant has made a profit

20—VOL. 16.

over and above the mere use: *Tyner* v. *Fenner*, 4 Lea, 469, 473.

The decree of the chancellor must be reversed, and a decree rendered here refusing any account for rent or repairs, and affirming the decree below in other respects. The complainants and the defendants, other than Florence L. Taylor, will pay the costs of this court, the complainants one-half and the defendants the other half.